UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT P. CARICO,

        Petitioner,

                                    CASE NO. 09-10124

v.

                                    PAUL D. BORMAN

JEFFREY WOODS,                    UNITED STATES DISTRICT JUDGE

        Respondent.
_____/

## OPINION AND ORDER DENYING THE HABEAS CORPUS PETITION AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Robert P. Carico, a state prisoner at Pine River Correctional Facility in St. Louis, Michigan, has filed a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The pleading challenges Petitioner's sentence of two to five years for being a felon in possession of a firearm. Petitioner contends that he was sentenced on the basis of prior convictions for which he was not represented by counsel and that his trial and appellate attorneys were ineffective for failing to contest the use of his invalid convictions. Having reviewed the pleadings and record, the Court concludes that Petitioner is not entitled to the relief he seeks. Accordingly, his habeas petition will be denied.

### I. Background

On August 31, 2004, Petitioner pleaded guilty in Jackson County, Michigan to one count of felon in possession of a firearm, Mich. Comp. Laws § 750.224f. In exchange for Petitioner's plea, the prosecutor dismissed a charge of felonious assault, two counts of possession of a firearm during the commission of a felony, and a notice charging Petitioner as a habitual

offender. On September 23, 2004, the trial court sentenced Petitioner to imprisonment for two to five years.

Petitioner moved for re-sentencing on the grounds that the sentencing guidelines were scored using uncounseled convictions and that his attorney was ineffective for not objecting to the use of the uncounseled convictions. The trial court denied Petitioner's motion because Petitioner had not supplied the court with any information for the court to consider, either at the sentencing or in his motion.

Petitioner raised the issue about his prior convictions in a *pro se* application for leave to appeal. The Michigan Court of Appeals dismissed Petitioner's appeal without prejudice because he failed to pursue his case in conformity with the rules and was represented by counsel. *See People v. Carico*, No. 263569 (Mich. Ct. App. Sept. 30, 2005).

Petitioner's appellate attorney argued in an application for leave to appeal that the offense variables of the sentencing guidelines were inaccurately scored and that Petitioner's sentence was based on facts which he did not admit and which a jury did not determine beyond a reasonable doubt. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Carico*, No. 265877 (Mich. Ct. App. Nov. 8, 2005).

In a *pro se* application for leave to appeal in the Michigan Supreme Court, Petitioner argued that his right to due process was violated because the trial court based his sentence on prior convictions obtained without the benefit of counsel. The state supreme court denied Petitioner's application without prejudice to his right to raise the issue of his counselless

convictions in a motion for relief from judgment. *See People v. Carico*, 475 Mich. 860 (2006).[1]

Petitioner then filed a motion for relief from judgment in the trial court, claiming that the trial court had based its sentence on convictions obtained without the benefit of counsel. He also claimed that his trial attorney was ineffective for not objecting to the scoring of the sentencing guidelines and the use of counselless convictions. He asserted that appellate counsel was ineffective for failing to raise the issue on appeal. The trial court denied Petitioner's motion on the ground that Petitioner had failed to show "good cause" for not raising the issues in his first appeal and "actual prejudice."

Petitioner appealed the trial court's decision without success. The Michigan Court of Appeals denied his application for leave to appeal on the basis that Petitioner had failed to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Carico*, No. 277960 (Mich. Ct. App. Dec. 14, 2007). On June 23, 2008, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Carico*, 481 Mich. 913 (2008). Reconsideration was denied on September 22, 2008. *See People v. Carico*, 482 Mich. 992 (2008).[2]

Petitioner filed his habeas corpus petition on January 12, 2009. He challenges the trial court's denial of his motions for re-sentencing and for relief from judgment. He maintains that the trial court relied on convictions obtained without the assistance of counsel and that he was denied his constitutional right to effective assistance of trial and appellate counsel.

---

[1] Justices Michael Cavanagh and Marilyn Kelly voted to remand the case to the Court of Appeals for consideration as on leave granted.

[2] Justice Marilyn Kelly voted to grant reconsideration.

Respondent argues in an answer to the habeas petition that, even if the Court ignores the ambiguity in Petitioner's argument, his procedural defaults, and the restrictive standard used in habeas cases, Petitioner is not entitled to relief. According to Respondent, the trial court relied on a sufficient number of valid convictions to support the scoring of the sentencing guidelines.

## II. Standard of Review

Habeas petitioners are not entitled to habeas corpus relief unless the state court's adjudication of their claims on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). No state court has assessed the merits of Petitioner's claims. Therefore, the deference due under § 2254(d) does not apply, and habeas review is *de novo*. *Dorn v. Lafler*, 601 F.3d 439, 442 (6th Cir. 2010) (citing *Maples v. Stegall*, 340 F.3d 433, 436-37 (6th Cir. 2003)).

## III. Discussion

Petitioner alleges that the trial court relied on inaccurate information when evaluating his criminal history. Petitioner also alleges that his trial attorney was ineffective for failing to notify the trial court that it was relying on invalid convictions and that his appellate attorney was ineffective for refusing to raise the issue on appeal.

Petitioner is contesting the scoring of his state sentencing guidelines. "A state court's alleged misinterpretation of state sentencing guidelines . . . is a matter of state concern only,"

*Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). However, Petitioner also contends that the trial court violated his constitutional right to due process by relying on prior convictions for which he was not represented by counsel.

### 1. Supreme Court Precedent

A sentence violates due process of law if the trial court relied on "extensively and materially false" information, which the defendant had no opportunity to correct through counsel. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). The issue here is whether the trial court relied on materially false information when it concluded that Petitioner was represented by counsel in cases that were used to score Petitioner's prior record variables (PRV).

The Supreme Court held in *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972), that, "absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial." Even "a suspended sentence that may 'end up in the actual deprivation of a person's liberty' may not be imposed unless the defendant was accorded 'the guiding hand of counsel' in the prosecution for the crime charged." *Alabama v. Shelton*, 535 U.S. 654, 658 (2002) (quoting *Argersinger*, 407 U.S. at 40). Petitioner carries the burden of showing that his prior convictions were invalid for purposes of calculating his criminal history. *Parke v. Raley*, 506 U.S. 20, 34 (1992); *United States v. Hoffman*, 982 F.2d 187, 191 (6th Cir. 1992).

### 2. Application

Petitioner was scored thirty points for PRV 2 (prior low-severity felony convictions) and twenty points for PRV 5 (prior misdemeanor convictions). He claims that he was not represented

by counsel for eight of his prior convictions and, therefore, his total PRV score should be forty points, not fifty points. According to Petitioner, a total PRV score of forty would result in lower sentencing guidelines and a shorter sentence.

Respondent has attached Petitioner's presentence investigation report to his answer to the habeas petition. When the presentence investigation report is read in conjunction with the trial court's order amending the report, *see People v. Carico*, No. 04-001070-FH (Jackson County Cir. Ct. Mar. 13, 2007) (unpublished), it is evident that Petitioner's criminal history includes four valid low-severity felonies and eight valid misdemeanors. The valid felonies are:

- a 1984 Ingham County conviction for attempted breaking and entering a motor vehicle (conviction #2);

- a 1984 Allen County conviction for breaking and entering a building (#3);

- a 1991 Jackson County conviction for operating a vehicle under the influence of liquor (OUIL), third offense (#17); and

- a 1995 Jackson County OUIL-3 conviction (#20).

According to the amended report, Petitioner was represented by counsel during each of these cases. PRV2, therefore, was properly scored at thirty points. *See* Mich. Comp. Laws § 777.52(1)(a) (requiring a score of thirty points for an offender who has four or more prior low-severity felony convictions).

Petitioner's prior misdemeanor convictions include:

- a 1984 55th District Court conviction for larceny under $100 (#1);

- a 1986 55th District Court conviction for aggravated assault (#5);

- a 1990 55th District Court conviction for an insufficient-funds check (#11);

- a 1989 55th District Court conviction for impaired driving (#15);

6

- a 1990 55th District Court conviction for possession of marijuana (#16);
- a 1990 55th District Court conviction for impaired driving (#16);
- a 1991 12th District Court conviction for OUIL-2 (#19); and
- a 1995 Jackson County conviction for possession of marijuana (#20).

According to the presentence information report, as amended by the trial court, Petitioner was represented by counsel during each of these misdemeanor cases. A defendant who has seven or more prior misdemeanor convictions must be scored twenty points under PRV 5. Mich. Comp. Laws § 777.55(1)(a).

Petitioner has not submitted any documentation showing that he was not represented by counsel and did not waive counsel during any of the cases enumerated above. And even though counsel for Respondent has not provided the Court with the judgments of sentence for these convictions, he did present the judgments of sentence to the trial court, which accepted his representations and amended the presentence report accordingly. The trial court's findings of fact are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1).

Petitioner claims that his misdemeanor convictions for impaired driving (#15 and #16) and OUIL (#19) should not be counted pursuant to *People v. Endres*, 269 Mich. App. 414 (2006). The Michigan Court of Appeals held in *Endres* that Endres's "prior alcohol-related convictions *not* related to operating a motor vehicle while under the influence of liquor (OUIL) were improperly counted against him in calculating the minimum sentence range under the sentencing guidelines because they were not 'controlled substance offenses[s]' under MCL 777.55(2)(a)." *Id.* at 416-17 (emphasis added). Petitioner's alcohol-related convictions were related to

operating a motor vehicle. Therefore, his reliance on *Endres* is misplaced.

To summarize, Petitioner has at least four valid low-severity felony convictions and at least seven valid misdemeanor convictions to justify his total PRV score of fifty. The alleged error in scoring the PRV does not entitle him to re-sentencing because his criminal history score is unaffected by the allegedly invalid prior convictions. *United States v. Hunter*, 558 F.3d 495, 507 (6th Cir.), *cert. denied*, __ U.S. __, 130 S. Ct. 312 (2009).

The Court concludes that Petitioner has not met his burden of proving a constitutional violation. He has not shown that the trial court relied on prior convictions where he was deprived of counsel and did not waive counsel.

Having concluded that the trial court did not rely on inaccurate information or unconstitutional prior convictions, the Court further concludes that Petitioner's attorneys were not ineffective for failing to object or raise his claim in state court. A trial "attorney is not constitutionality deficient for failing to lodge a meritless objection," *Northern v. Boatwright*, 594 F.3d 555, 561 (7th Cir.), *cert. denied*, __ U.S. __, 131 S. Ct. 143 (2010), and an appellate attorney "cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

## IV. Conclusion

Petitioner has not shown that he is in custody in violation of federal law. Accordingly, the habeas petition [Dkt.#1] is **DENIED**.

The Court declines to issue a certificate of appealability because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Petitioner nevertheless may proceed *in forma pauperis* on appeal without further authorization because he was permitted to proceed *in forma pauperis* in this Court. Fed. R. App. P. 24(a)(3).

**SO ORDERED.**

*/s/ Paul D. Borman*
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: DEC 2 8 2010

PURSUANT TO RULE 77 (d), FED. R. CIV. P.
COPIES MAILED TO ATTORNEYS FOR ALL
PARTIES ON December 28, 20 10

_/s/ Deputy Clerk_
DEPUTY COURT CLERK